UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

TRINA E. FLEMING,

                    Plaintiff,

        -vs-                          **No. 1:13-CV-00788 (MAT)**
                                      **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                    Defendant.

─────────────────────────────────

## I.   Introduction

        Represented by counsel, Trina E. Fleming ("plaintiff") brings this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Commissioner's motion is granted.

## II.  Procedural History

        The record reveals that in May 2010, plaintiff (d/o/b April 27, 1970) applied for SSI, alleging disability as of November 15, 2008 due to blood clots in the legs and lungs. After her application was denied, plaintiff requested a hearing, which was held before administrative law judge Stanley A. Moskal, Jr. ("the ALJ") on April 23, 2012. The ALJ issued an unfavorable decision on

June 8, 2012. The Appeals Council denied review of that decision and this timely action followed.

## III. The ALJ's Decision

The ALJ followed the well-established five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. See 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 13, 2010, the application date. At step two, the ALJ found that plaintiff suffered from the following severe impairments: deep vein thrombosis, protein C deficiency, bilateral osteoarthritis of the knees, and morbid obesity. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.

Before proceeding to step four, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 416.967(a) and that she could: lift and carry five pounds frequently and ten pounds occasionally; stand and walk for up to two hours during the course of an eight-hour workday; sit for up to six hours in an eight-hour workday; engage in postural activities occasionally but not climb ropes, ladders, or scaffolds. The ALJ also found that she should avoid working around heights and avoid concentrated exposure to environmental contaminants. Because plaintiff had no past relevant work, the ALJ proceeded to step five and determined that,

considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled.

## IV.  Discussion

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhard, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

### A.  Treating Physician Rule

Plaintiff contends that the ALJ improperly substituted his own medical judgment for that of her treating physician, Dr. Neelish Welling, when the ALJ rejected Dr. Welling's statement that plaintiff needed to elevate her legs. Plaintiff also argues that to the extent that the ALJ intended to rely upon a consulting examination from Dr. Donna Miller instead of Dr. Welling's more restrictive opinion, the RFC finding is not actually supported by Dr. Miller's opinion. For the reasons discussed below, the Court finds that the ALJ properly evaluated and weighed both Dr. Welling's and Dr. Miller's opinions.

Dr. Welling, who treated plaintiff at Cleve-Hill Family Health Care Center for approximately five months, submitted opinions dated January 25, 2012 and May 17, 2012. The January 2012 statement, portions of which the ALJ gave weight in his decision, assessed plaintiff's abilities to do work-related activities. That statement opined that plaintiff could frequently lift up to ten pounds; occasionally lift up to 20 pounds; occasionally carry up to 20 pounds; sit for up to six hours in an eight-hour workday; stand for up to five hours in an eight-hour workday; walk for up to four hours in an eight-hour workday; sit and stand for up to 45 minutes at a time; walk for up to 30 minutes at a time; never climb ropes or ladders; occasionally climb stairs and ramps, stoop, kneel, crouch, and crawl; and frequently balance. According to Dr. Welling, plaintiff could tolerate occasional exposure to dust, odors, fumes and pulmonary irritants, extreme cold, and extreme heat, but could never be exposed to unprotected heights, moving mechanical parts, operating a motor vehicle, or vibrations. Dr. Welling checked boxes indicating that plaintiff could perform all activities of daily living. Dr. Welling stated that his opinion was supported by objective findings consisting of x-rays showing bilateral osteoarthritis of the knees, and a history of deep vein thrombosis and protein C deficiency.

Dr. Welling's May 2012 opinion was in the form of a one-page letter, which stated that plaintiff had treated with him since

January for protein C deficiency, right lower extremity deep vein thrombosis, and bilateral osteoarthritis of the knees. He then went on to state that "[s]ince her diagnosis, *she has complained of the symptoms of* . . . [a] [n]eed to elevate legs during the course of a day for symptomatic relief of pain." T. 314 (emphasis added). Dr. Welling opined that this symptom, as well as the other symptoms of which plaintiff complained, prohibited plaintiff from sitting in one position for more than three hours at a time and standing for more than one and a half hours at a time.

Dr. Miller issued a January 2010 consulting opinion, which found plaintiff's physical examination to be essentially normal except for limited range of motion in the lumbar spine. Dr. Miller opined that plaintiff "had no significant physical limitations," but recommended that she avoid heavy lifting, repetitive bending, and kneeling secondary to her protein C deficiency. T. 223.

The ALJ summarized Dr. Welling's two medical source statements, and gave weight to those opinions to the extent that they were consistent with an RFC for sedentary work. In general, sedentary work requires six hours of sitting and up to two hours of standing and walking in an eight-hour day. See SSR 96-9p; SSR 83-10. If the need for a sit/stand option "cannot be accommodated by scheduled breaks and a lunch period," it will erode the claimant's occupational base. SSR 96-9p. Here, the ALJ rejected those portions of Dr. Welling's opinions which suggested that she

may need a sit/stand option, instead finding that she could perform a full range of sedentary work. In rejecting the portions of Dr. Welling's opinions which conflicted with an RFC to perform sedentary work, the ALJ found that Dr. Welling's own treatment notes, Dr. Miller's consulting opinion, and other substantial evidence in the record contradicted Dr. Welling's restrictive findings.

The treating physician rule provides that an ALJ must give controlling weight to a treating physician's opinion if that opinion is well-supported by medically acceptable clinical and diagnostic techniques and not inconsistent with other substantial evidence in the record. See Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004); 20 C.F.R. § 416.927(c)(2). The Court agrees with the ALJ, however, that Dr. Welling's assessment of plaintiff's sitting and standing limitations was not supported by substantial record evidence. Plaintiff's physical examinations, including those performed by Dr. Welling, were consistently unremarkable with the exception of crepitus in both knees. Where the extent of the crepitus was explained, it was noted to be slight, with full range of motion of both knees, and "slight pain on palpation" of the lateral joint line. T. 302. X-rays of both knees showed only mild osteoarthritis, which condition was controlled with Tylenol. Moreover, Dr. Miller found that plaintiff had no significant physical limitations whatsoever. Contrary to plaintiff's argument,

that finding was consistent with an ability to perform sedentary work.

The ALJ was within his discretion to accept certain portions of Dr. Welling's opinion, but reject those that were not supported by his own treatment notes or other substantial record evidence. See Pavia v. Colvin, 2015 WL 4644537, at *4 (W.D.N.Y. Aug. 4, 2015) (noting that it is "within the province of the ALJ to credit portions of a treating physician's report while declining to accept other portions of the same report") (citing Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002)). The Court concludes that the ALJ's RFC finding was based on a proper application of the relevant legal principles and that it is supported by substantial record evidence.

## V.   Conclusion

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Doc. 12) is granted and plaintiff's cross-motion (Doc. 13) is denied. The ALJ's finding that plaintiff was not disabled is supported by substantial evidence in the record, and accordingly, the Complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
HON. MICHAEL A. TELESCA
United States District Judge

Dated      November 4, 2015
           Rochester, New York.

7